IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PEDRO ROLLERO-SUARES, 1479344,  ) | |
|       Petitioner,  ) | |
| )  | |
| v.  ) | No. 3:11-CV-3150-M |
| ) | |
| RICK THALER, Director, Texas  ) | |
| Dept. of Criminal Justice, Correctional  ) | |
| Institutions Division,  ) | |
|       Respondent.  ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I.  Procedural Background**

Petitioner was charged with aggravated sexual assault of a child under fourteen, enhanced by a prior felony conviction. *State of Texas v. Pedro Rollero-Suares*, No. F-0688955-W (363rd Dist. Ct., Dallas County, Tex., June 27, 2007). A jury found Petitioner guilty and sentenced him to life in prison.

On July 16, 2008, the Fifth District Court of Appeals affirmed the conviction and sentence. *Rollero-Suares v. State*, No. 05-07-00862-CR (Tex. App. – Dallas, July 16, 2008, pet. ref'd). On November 5, 2008, the Court of Criminal Appeals refused Petitioner's petition for discretionary review. PDR No. 1261-08.

On May 12, 2009, Petitioner filed a state petition for writ of habeas corpus. *Ex parte*

*Rollero-Suares*, Application No. 75,025-02.  On August 24, 2011, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On November 10, 2011, Petitioner filed this federal petition.  He argues he received ineffective assistance of counsel when counsel:

(1) failed to object to the trial court's failure to arraign him on the enhancement paragraph before the jury; and

(2) failed to challenge the trial court's failure to arraign him on the enhancement paragraph before the jury in a motion for new trial, bill of exception, or motion in arrest of judgment.

On February 29, 2012, Respondent filed his answer.  Petitioner did not file a reply.  The Court now determines the petition should be denied.

## II.  Factual Background

The complainant testified she was seven years old when she was sexually abused by Petitioner.  (Trial Tr. Vol. 4 at 43.)  Petitioner was the husband of the complainant's grandmother.  (*Id*. at 10.)  The complainant stated she helped her grandmother and Petitioner work at a ranch.  (*Id*. at 3.)  While at the ranch, Petitioner lured the complainant into a garage by asking her to help him find a tool.  (*Id*. at 20.)  Once in the garage, he put the complainant on a table, pulled down her shorts and underwear, and penetrated her vagina with his penis.  (*Id*. at 21-28.)  Petitioner told the complainant not to tell anyone about the incident.  (*Id*. at 30.)

The complainant testified she told her grandmother about the assault, but her grandmother did not believe her.  (*Id*. at 29.)  The complainant later told her brothers, and then her parents about the assault.  (*Id*. at 31-32.)  The complainant's mother contacted Child Protective Services and the police.  (*Id*. at 50.)

Petitioner testified in his own defense. He stated the complainant only came to the ranch once. (*Id.* at 145.) He denied abusing the complainant and stated that the complainant's parents mistreated her. (*Id*. at 144, 153.)

### III.  Discussion

**1.    Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d)    An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

**2.    Ineffective Assistance of Counsel**

Petitioner claims he received ineffective assistance of counsel. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner argues his counsel was ineffective because: (1) he failed to object when the enhancement allegations were not read to the jury during the punishment phase; and (2) he failed to file a motion for new trial, bill of exceptions, or a motion in arrest of judgment arguing that the enhancement allegations were not properly read to the jury.

Texas Code of Criminal Procedure article 36.01(a)(1) states:

> The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional,

that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07.

The Texas Court of Criminal Appeals has determined that where a defendant is arraigned in open court, and either he or his counsel enters a plea to the enhancement, Article 36.01 does not require that the jury be present for the arraignment and/or plea. *Cantu v. State of Texas*, 939 S.W.2d 627, 646 (Tex. Crim. App. 1997) (en banc). The Court stated:

> In appellant's arraignment in open court, but outside the presence of the jury, the State read the indictment and appellant's counsel entered appellant's plea of "not guilty." While the plain language of Article 36.01 indicates that an identical procedure *should* be followed in the jury's presence, it is not required by that language.

*Id*. (citations omitted).

In this case, during the punishment phase, the court informed Petitioner in open court of the enhancement allegations, and Petitioner's counsel entered Petitioner's plea of "not true." (Trial Tr. Vol. 5 at 52-53.) The jury was not required to be present during these proceedings. *Cantu*, 939 S.W.2d at 646. Petitioner has failed to show his counsel was deficient for failure to object, or for failure to file a motion for new trial, bill of exceptions, or a motion in arrest of judgment arguing that the enhancement allegations were not properly read to the jury. He has also failed to show he suffered the required *Strickland* prejudice. During the punishment phase, the jury determined that the state proved the enhancement felony beyond a reasonable doubt. Petitioner's claims should be denied.

3. **Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law

and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 4th day of December, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).